David Ali Chami
SBN: 027585
Price Law Group, APC
1204 E. Baseline Road, Suite 102
Tempe, AZ 85283
Tel: (866) 881-2133
Fax: (866) 401-1457
David@pricelawgroup.com
Attorney for Plaintiff,
Jill Shover

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| Jill Shover,<br><br>                      Plaintiff,<br>v.<br><br>National Credit Adjusters, LLC,<br>                      Defendant. | No.<br><br>**Plaintiff's Complaint** |

Plaintiff, Jill Shover ("Plaintiff"), through her attorneys, Price Law Group, APC, alleges the following against Defendant, National Credit Adjusters, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

2. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

1. Plaintiff is a natural person residing in Tucson, Pima County, Arizona.

2. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

3. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

4. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

5. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

6. Defendant is a collection agency located in Hutchinson, Reno County, Kansas.

7. Defendant is a business entity engaged in the collection of debt within the State of Kansas.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

3. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

4. The alleged debt owed arises from transactions for personal, family, and household purposes.

5. Within the last year, Defendant began calling Plaintiff on Plaintiff's home telephone at 520-579-89xx.

6. Defendant calls Plaintiff from 704-264-1119, which is one of Defendant's telephone

2

numbers.

7. In or around January 14, 2015, Plaintiff answered one of Defendant's calls and spoke with one of Defendant's collectors.

8. During the aforementioned conversation, Plaintiff requested written validation of the alleged debt.

9. During the aforementioned conversation, Plaintiff requested Defendant stop calling her.

10. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff.

11. To date, Plaintiff has not received anything in writing from Defendant validating the alleged debt.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

12. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff's home telephone after Plaintiff requested Defendant stop calling her;

    b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff, when Defendant continued to place collection calls to Plaintiff's home telephone after Plaintiff requested Defendant stop calling her; and

    c. Defendant violated §1692g of the FDCPA by failing to send Plaintiff a written notice within five days after the initial communication with a consumer in collection with the collection of any debt, a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, a statement that the

debt will be assumed valid unless the consumer disputes the validity of the debt within thirty days, a statement that if the consumer notifies the debt collector in writing within thirty-days , the collector will obtain verification of the debt, and a statement that, upon a written request within the thirty day period, the collector will provide the consumer with the name and address of the original creditor.

WHEREFORE, Plaintiff, JILL SHOVER, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, LLC, for the following:

13. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

14. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

15. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: October 20, 2015

By: /s/David Ali Chami  
David Ali Chami  
Price Law Group, APC  
Attorney for Plaintiff  
Jill Shover